# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-841V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TIMOTHY MCCLUSKY,

         Petitioner,

         v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

         Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: May 17, 2018

Special Master Oler

Entitlement; Influenza ("Flu") Vaccine; Guillain-Barré syndrome ("GBS").

*Ronald Craig Homer*, Conway, Homer, P.C., for Petitioner.
*Colleen Clemons Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On June 21, 2017, Timothy McClusky ("Petitioner"), filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine that he received on August 23, 2016. *See* Petition ("Pet.") at 1, ECF No. 1.

---

[1] Although this ruling is not formally designated for publication, it will be posted nonetheless on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

In his Rule 4(c) Report, filed on May 11, 2018, Respondent recommends that compensation be awarded in this case. *See* Rule 4(c) Report at 1, ECF No. 25.  Specifically, Respondent states that Petitioner's GBS is "consistent with the Vaccine Injury Table for GBS following the seasonal flu vaccination, and that it was caused-in-fact by the flu vaccine he received on August 23, 2016."[3]  *Id*. at 4.  Respondent further states that Petitioner "has met the statutory requirements for entitlement to compensation" (*id*. at 4-5 (citing 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)), thus concluding that Petitioner has "satisfied all legal prerequisites for compensation under the Act" (*id*. at 5).

In light of Respondent's concession, and based on my own review of the record (*see* Section 13(a)(1); 42 C.F.R. § 100.3(a)(II)),  I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a vaccination.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] The Vaccine Injury Table is located at 42 C.F.R. § 100.3.