# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  May 16, 2019

```
* * * * * * * * * * * * *   *
TIMOTHY MCCLUSKY,           *
                            *
        Petitioner,         *        No. 17-841V
                            *        Special Master Oler
v.                          *
                            *        Attorneys' Fees and Costs
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
        Respondent.         *
* * * * * * * * * * * * *   *
```

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Colleen C. Hartley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 21, 2017, Timothy McClusky ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on August 23, 2016.  *See* Petition, ECF No. 1. On November 29, 2018, the parties filed a proffer, which the undersigned adopted as her Decision awarding damages on December 7, 2018. Decision, ECF No. 40.

On February 6, 2019, Petitioner filed an application for attorneys' fees and costs. ECF No. 44 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $26,527.86,

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

representing $24,909.00 in attorneys' fees and $1,618.86 in attorneys' costs. Fees App at 1-2. Pursuant to General Order No. 9, Petitioner has indicated that he has personally incurred costs of $7.45 in pursuit of this litigation. ECF No. 45. Respondent responded to the motion on February 6, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 29. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.  Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Reasonable Hourly Rates

The undersigned has reviewed the requested rates for the work performed by petitioner's attorneys (Ms. Meredith Daniels performed the majority of attorney work in this case, but Mr. Ronald Homer, Mr. Joseph Pepper, Ms. Christina Ciampolillo, and Ms. Lauren Faga all contributed work at various points in the litigation) and for other Conway, Homer, P.C. staff such as paralegals and law clerks. The undersigned finds all of the requested rates to be reasonable except for Mr. Pepper's rate of $331.00 per hour for work performed in 2018. Fees. App. at 22. Mr. Pepper has consistently been awarded $305.00 per hour for work performed in 2018 previously, and previously requests for $331.00 have thus been denied by other special masters. *See McMaster v. Sec'y of Health & Human Servs.*, No. 17-319V, 2019 WL 1958492, at *2 (Fed.

Cl. Spec. Mstr. Mar. 8, 2019); *Babb v. Sec'y of Health & Human Servs.*, No. 15-195V, 2019 WL 1375930, at \*2 (Fed. Cl. Spec. Mstr. Feb. 28, 2019). Accordingly, this results in a reduction of **$20.80**.

###### b.  Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at \*3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The undersigned has reviewed the submitted billing entries and finds the number of hours billed in this matter (128.9) to be mostly reasonable, only requiring reduction for minor time billed on administrative tasks. Paralegals consistently billed time for preparation, review, and organization of medical records for summarization and filing (e.g., entries on 4/4/17, 4/5/17, 6/5/17, 6/20/17, 6/29/17,7/10/17, 10/4/17, 7/11/18, 7/19/18, 8/21/18, and 10/29/18). Fees App. at 9-18. Billing for this task has resulted in reductions in the past. *See McMaster*, 2019 WL 1958492, at \*2; *Estes v. Sec'y of Health & Human Ser*, No. 17-1003, 2019 WL 1806241, at \*2 (Fed. Cl. Spec. Mstr. Mar. 4, 2019). Given that preparation for these records is a prelude to another paralegal or law clerk summarizing the records and assessing their completeness, this work also borders on work that is excessive, redundant, or otherwise unnecessary. Accordingly, the undersigned shall reduce the final award of attorneys' fees by **$762.20** to account for these entries.

###### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,618.86 in attorneys' costs. This amount consists of acquiring medical records, postage charges, the Court's filing fee, and travel costs associated with meeting with petitioner. Fees App. at 20-22. Petitioner has provided adequate documentation of all these expenses and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

###### d.  Petitioner's Costs

Pursuant to General Order No. 9, petitioner asserts that he has personally incurred costs of $7.45 for postage. This cost has been supported with documentation by petitioner and shall be reimbursed.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and

costs, except for the reductions noted above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $24,909.00 |
| (Reduction to Hourly Rates) | ($20.80) |
| (Reduction to Total Hours) | ($762.20) |
| **Total Attorneys' Fees Awarded** | **$24,126.00** |
| | |
| Attorneys' Costs Requested | $1,618.86 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,618.86** |
| | |
| **Total Fees and Costs Awarded** | **$25,744.86** |
| | |
| **Petitioner's Costs Awarded** | **$7.45** |
| | |
| **Total Amount Awarded** | **$25,752.31** |

Accordingly, the undersigned awards the following:

1) **A lump sum in the amount of $25,744.86, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Ronald C. Homer; and**

2) **A lump sum in the amount of $7.45, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).